For Appellant: Kelly M. Driscoll, Montana Legal Justice, PLLC, Missoula, Montana
For Appellee: Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant Attorney General, Helena, Montana, Kirsten H. Pabst, Missoula County Attorney, Jessica Finley, Deputy County Attorney, Missoula, Montana
Justice Ingrid Gustafson delivered the Opinion of the Court.
*124 ***128 ¶1 A.C.L. (Mother) appeals from an order of the Fourth Judicial District Court, Missoula County, terminating her parental rights to her child S.C.L. (Child). We affirm.
¶2 The issue on appeal is:
Whether the District Court abused its discretion in terminating Mother's parental rights.
FACTUAL AND PROCEDURAL BACKGROUND
¶3 In October 2016, Mother delivered Child in a hospital bathroom.
***129 Child tested positive for methamphetamine at birth and the Child and Family Services Division of the Montana Department of Public Health and Human Services (Department) removed Child from Mother's care. Mother told the Department who she believed the Child's father (Father) was, but paternity was never confirmed. The Department eventually lost contact with him. At the time of Child's removal, Mother had three prior children, none of whom resided with Mother. Two of the children were placed with their maternal grandmother through a guardianship proceeding and the other child was placed with his paternal grandparents through a private parenting plan.
¶4 On October 25, 2016, the Department filed a Petition for Emergency Protective Services (EPS), Adjudication of Child as a Youth in Need of Care (YINC), and Temporary Legal Custody (TLC) of Child. The District Court granted EPS on October 26, 2016. In December 2016, the District Court found that the Indian Child Welfare Act (ICWA) did not apply to Child. On December 21, 2016, the District Court adjudicated Child as a YINC and granted the Department TLC. Mother was not present and the court entered her default. On March 7, 2017, the court found Mother's treatment plan appropriate and ordered her to complete it. Over the next several months, Mother failed to meet with the Department to go over her treatment plan and did not complete any of the required tasks. Mother failed to attend many of the hearings in this matter.[1]
¶5 On December 4, 2017, the Department petitioned to terminate Mother's and Father's parental rights to Child. In its petition to terminate Mother's parental rights, the Department cited that Mother failed to complete the treatment plan, that Mother was unlikely to change the conduct or condition rendering her unfit to parent Child within a reasonable time, and that Mother abandoned Child. Section 41-3-609(1)(b), (d), (f), MCA. On December 7, 2017, Mother failed to attend a permanency hearing. The District Court scheduled a termination hearing on February 2, 2018, for which Father was served by publication and Mother was hand-served while incarcerated at the Missoula County Detention Facility. Mother attended the termination hearing and testified on her own behalf. On April 18, 2018, the District Court issued a thirty-page order terminating Mother's and Father's parental rights to Child. The District Court terminated Mother's ***130 parental rights pursuant to § 41-3-609(1)(f), MCA. The District Court found Mother failed to complete her treatment plan and the condition or conduct rendering her unfit, unwilling or unable to parent was unlikely to change within a reasonable time. The District Court found:
The conduct or condition of Mother renders her unfit, unable or unwilling to provide adequate parental care to [Child]. This conduct or condition is unlikely to change within a reasonable time as demonstrated by Mother's history of substance use and chemical dependency, Mother's history of not being in a safe position to care for her older children, Mother's abandonment of [Child] for nearly 8 months during this proceeding, Mother's lack of engagement in the reunification process, Mother's unwillingness to comply with the main objectives of her Treatment Plan, Mother's unwillingness to follow through with treatment services and service providers, Mother's failure to timely address the *125 issues that caused [Child] to be adjudicated as a [YINC], and Mother's lack of meaningful change since the birth and removal of [Child].
Mother appeals.
STANDARD OF REVIEW
¶6 This court reviews a district court decision to terminate parental rights for an abuse of discretion. In re A.S. , 2016 MT 156, ¶ 11, 384 Mont. 41, 373 P.3d 848 ; In re K.A. , 2016 MT 27, ¶ 19, 382 Mont. 165, 365 P.3d 478. A district court abuses its discretion if it terminates parental rights based on clearly erroneous findings of fact, incorrect conclusions of law, or otherwise "act[s] arbitrarily without employment of conscientious judgment or exceed[s] the bounds of reason resulting in substantial injustice." In re M.V.R. , 2016 MT 309, ¶ 23, 385 Mont. 448, 384 P.3d 1058 ; In re I.M. , 2018 MT 61, ¶ 13, 391 Mont. 42, 414 P.3d 797. Findings of fact are clearly erroneous if not supported by substantial evidence, if the court misapprehended the effect of the evidence, or if this Court has a definite and firm conviction that the lower court was mistaken. In re J.B. , 2016 MT 68, ¶ 10, 383 Mont. 48, 368 P.3d 715. We review conclusions of law de novo for correctness. In re D.E. , 2018 MT 196, ¶ 21, 392 Mont. 297, 423 P.3d 586.
DISCUSSION
¶7 Whether the District Court erred in terminating Mother's parental rights.
***131 ¶8 Mother argues on appeal that the District Court erred in terminating her parental rights. While Mother concedes she did not comply with the approved treatment plan, she argues that the conduct or condition rendering her unfit to parent Child was likely to change within a reasonable time.[2]
¶9 Specifically, Mother argues that the District Court's reliance on evidence of her past inability to care for her older children to conclude Mother was unlikely to change within a reasonable time violated Mont. R. Evid. 404(b).[3] Contrary to Mother's argument, this Court has consistently found:
[T]o determine whether the conduct or condition rendering a parent unfit is likely to change within a reasonable time, the District Court is required to assess the past and present conduct of the parent. We do not have a crystal ball to look into to make this determination, so it must, to some extent, be based on a person's past conduct .
In re J.C. , 2003 MT 369, ¶ 11, 319 Mont. 112, 82 P.3d 900 (emphasis added); In re I.M. , 2018 MT 61, ¶ 34, 391 Mont. 42, 414 P.3d 797 ; In re C.B. , 2014 MT 4, ¶ 23, 373 Mont. 204, 316 P.3d 177.
¶10 The District Court's consideration of Mother's history and her inability to care for her older children did not violate M. R. Evid. 404(b). This evidence was not used to prove Mother's character and then demonstrate she acted in conformity therewith. The same concerns prompting the Department's involvement in this case-untreated chemical dependency, continued drug use, and instability resulting in Mother's inability to provide safe care for her children-prompted the Department's previous involvement with Mother and her older children. Mother has not successfully addressed the parenting deficiencies which render her unfit, unable, or unwilling to parent.
¶11 Mother did not engage with the Department throughout this ***132 proceeding, Mother's older children are not in her care, and the Department continues to have the same concerns now that it had when it was previously involved with Mother. Given the duration of the conduct rendering Mother unfit to parent and Mother's failure to rehabilitate or *126 progress during that time, the District Court reasonably concluded that Mother's conduct was unlikely to change within a reasonable period of time. The District Court's consideration of Mother's past inability to care for her older children was more akin to proof of knowledge or absence of mistake. Mother had previously been through this process with the Department, knew what was expected of her, and still did not participate in a meaningful way.
¶12 Mother's assertion that M. R. Evid. 404(b) applies to abuse and neglect proceedings, including termination of parental rights proceedings pursuant to § 41-3-609, MCA, is inaccurate. The Montana Rules of Evidence apply to abuse and neglect proceedings "except as modified in" Chapter 3, Title 41 of the Montana Code Annotated. Section 41-3-422(4), MCA. This Court has previously held that "the District Court is required to assess the past and present conduct of the parent" in determining whether the conduct or condition of a parent is likely to change. In re J.C. , ¶ 11. Thus, even if the District Court's ruling can be construed to conflict with M. R. Evid. 404(b), termination of parental rights pursuant to § 41-3-609(2), MCA, requires the district court to consider a parent's past and present conduct in deciding whether the conduct rendering the parent unfit, unwilling, or unable to parent is likely to change within a reasonable time. The District Court properly considered Mother's past conduct regarding her three older children together with her conduct throughout this proceeding to conclude Mother's conduct was unlikely to change within a reasonable time.
¶13 The District Court's reliance on Mother's history regarding her other children was only one of many factors the court relied upon in its determination to terminate Mother's parental rights. Overwhelming evidence supports the District Court's determination that the conduct or condition rendering Mother unfit, unwilling, or unable to parent was unlikely to change within a reasonable time. Mother failed to: meet with the Department to go over her treatment plan; contact Child for approximately eight months during this cause; consistently attend visits with Child; complete parenting classes; enroll in and complete the SafeCare parent training program; follow through with referrals; engage in and complete a chemical dependency evaluation and treatment; consistently participate in random drug testing; demonstrate an ability to remain free from the use of dangerous drugs;
***133 complete a psychological evaluation; enroll in and attend counseling; secure consistent safe and stable housing; and engage and maintain consistent contact with the Department.
¶14 Mother next argues the District Court abused its discretion when it found termination of Mother's parental rights was in Child's best interests. Section 41-3-604(1), MCA, provides if a Child is in a foster placement for fifteen of the most recent twenty-two months, there is a presumption that termination is in the Child's best interests. Mother did not provide any evidence the District Court or this Court could utilize to overcome this presumption, arguing only that a long-term placement had not yet been identified. Lack of an identified permanent placement alone does not overcome this presumption. Mother asserts that a guardianship with Child's grandmother would be more appropriate than the termination of her parental rights. However, the issue before this Court is whether the District Court abused its discretion in terminating Mother's parental rights in Child's best interests. While this Court continues to encourage Montana courts to consider guardianships as viable means of attaining timely permanency for children in dependency and neglect proceedings, Mother gave neither the District Court nor this Court any basis to overcome the presumption that termination was in Child's best interests.
CONCLUSION
¶15 The District Court properly considered Mother's past and current conduct in determining whether the conduct or condition rendering Mother unfit, unable, or unwilling to parent was likely to change within a reasonable time. The District Court did not abuse its discretion in finding Mother did not overcome the presumption that termination was *127 in the Child's best interests or in terminating Mother's rights to Child.
¶16 Affirmed.
We concur:
LAURIE McKINNON, J.
BETH BAKER, J.
JAMES JEREMIAH SHEA, J.
DIRK M. SANDEFUR, J.

Mother was at times out of state and out of contact with her attorney. Two days before the final hearing, Mother gave birth to her fifth child. This child also tested positive for methamphetamine at birth.

Mother's parental rights were terminated under § 41-3-609(1)(f), MCA, which requires "(i) an appropriate treatment plan that has been approved by the court has not been complied with by the parents or has not been successful; and (ii) the conduct or condition of the parents rendering them unfit is unlikely to change within a reasonable time."

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." M. R. Evid. 404(b).