FILED

07/12/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0575

DA 21-0575

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2022 MT 142N

IN THE MATTER OF:

B.L.,

     A Youth in Need of Care.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DN-19-68B
Honorable Rienne H. McElyea, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Shannon Hathaway, Driscoll Hathaway Law Group, Missoula, Montana
(for Mother)

          Michael P. Sinks, Attorney at Law, Bozeman, Montana
(for Father)

     For Appellee:

          Austin Knudsen, Montana Attorney General, Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

          Marty Lambert, Gallatin County Attorney, Bjorn E. Boyer, Deputy County
Attorney, Bozeman, Montana

Submitted on Briefs:  June 8, 2022

Decided:  July 12, 2022

Filed:

                                  Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 B.L. (Father) and A.P. (Mother) appeal from the October 22, 2021 orders of the Eighteenth Judicial District Court, Gallatin County, terminating their parental rights to B.L. (Child). We affirm.

¶3 The Department of Public Health and Human Services, Child and Family Services Division (Department) removed Child from Mother and Father's care at birth. Mother's two older children had previously been removed from her care and placed with their birthfathers due to her longstanding psychological and mental health issues, which prevented Mother from safely parenting the children. Mother and Father stipulated to Temporary Investigative Authority (TIA) for ninety days on January 13, 2020.

¶4 At the end of the TIA period, the Department petitioned for adjudication of Child as a Youth in Need of Care (YINC) and Temporary Legal Custody (TLC). The Department's main concern remained Mother's mental health issues, which exposed Child to unreasonable physical or psychological harm, and Father's inability or unwillingness to protect Child from Mother. At the time of the adjudication hearing, Mother was already seeing a psychiatrist for medication management, was in individual counseling, and enrolled in parenting services. Mother and Father stipulated to adjudication.

2

¶5      The Department developed treatment plans for both parents, which they signed in June 2020. Father's treatment plan included requirements to engage in parenting classes, family counseling, and psycho-education about Mother's disorders, and to maintain a safe home. Mother's treatment plan required her to engage in parenting classes and learn childhood development and appropriate expectations for children, work with a psychiatrist for accurate diagnosis and appropriate medication, engage in individual therapy, and demonstrate she can interact appropriately with Child and refrain from becoming verbally abusive around Child.

¶6      Before the next status hearing on September 17, 2020, Mother confronted Child Protection Specialist Supervisor Bonnie Neuman outside the courtroom and yelled at Neuman not to contact her. Mother then proceeded into the hearing and yelled at the Court, the Department, her attorney, and Father, accusing them of threatening her parental rights and participating in a deal with Wyoming to derail the care plan she had established for her two older children. Following the hearing, Mother called and left a long angry voicemail with the Department and was trespassed from the Department's offices after visiting repeatedly and screaming and yelling until law enforcement had to be contacted.

¶7      The Department petitioned for the termination of Mother's and Father's parental rights on December 4, 2020. The Department's main concerns remained Mother's mental health issues and Father's inability or unwillingness to protect Child from Mother. The District Court held two termination hearings in July 2021. Some of Mother's providers and Neuman testified during the first hearing. After Mother repeatedly interrupted testimony from the witnesses, she watched the rest of the hearing over a video link from

another room. At the second hearing, Mother and Father testified Mother had recently moved out of their shared home and Father wanted an opportunity to parent Child on his own without Mother. Father testified his only concern about Child around Mother was that Mother was loud. The District Court took the matter under advisement and set a status hearing for August 19, 2021. The District Court ordered the Department to work with Father toward unsupervised and overnight visits in the interim. The Guardian Ad Litem (GAL) and the Department provided the court with reports before the August 19, 2021 hearing outlining concerns Mother still lived with Father and had not moved out of the home. The court scheduled a final termination hearing for September 16, 2021.

¶8 Neuman and Father testified at the September hearing. Neuman testified Father disclosed Mother was again living with him and she did not feel there had been any change since the last termination hearing. Mother again repeatedly interrupted Neuman's testimony. Mother declined the court's offer to watch the rest of the hearing over a video link from another room and left the courtroom. Father testified Mother had moved back into the home in early September. He testified he was in a relationship with Mother and did not think he needed to keep Mother from Child. He agreed if Department intervention ceased tomorrow, he would invite Mother back into the home. The District Court issued separate orders terminating the parental rights of Mother and Father on October 22, 2021. This appeal follows.

¶9 We review a district court decision to terminate parental rights for an abuse of discretion. *In re S.C.L.*, 2019 MT 61, ¶ 6, 395 Mont. 127, 437 P.3d 122. "A district court abuses its discretion if it terminates parental rights based on clearly erroneous findings of

4

fact, incorrect conclusions of law, or otherwise acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason resulting in substantial injustice." *In re S.C.L.*, ¶ 6 (internal quotation omitted). Findings of fact are clearly erroneous if they are not supported by substantial evidence, if the court misapprehended the effect of the evidence, or if this Court has a definite and firm conviction that the lower court was mistaken. *In re S.C.L.*, ¶ 6.

¶10 Mother contends the District Court clearly erred in its factual findings related to her participation in individual therapy and medication management. She argues the District Court's conclusion she is unlikely to change in a reasonable time is erroneous as it relied on these erroneous findings of fact.

¶11 Mother first contends the District Court erred in finding she did not successfully engage with individual therapy as there was substantial evidence she had made progress in individual therapy and was taking steps to continue making progress by seeking a new therapist. While Mother may be correct that the record shows she had made some progress in individual therapy, the record also supports the District Court's finding Mother utilized the therapist as a sounding board for her anger and resentment over the court process and failed to incorporate or successfully apply therapeutic techniques. Based on the record before us, the District Court did not clearly err in finding Mother did not successfully engage with individual therapy. Mother next contends the District Court erred in finding she was inconsistent with her medication management. Mother insists the record shows she modified her medication only at the direction of her psychiatrist or for demonstrably

5

reasonable circumstances, such as her pregnancy with Child's sibling S.L.[1]  The District Court found Mother was inconsistent with her medication management, citing her modification or termination of medication without her psychiatrist's knowledge.  The record shows and the District Court found Mother did not timely inform her psychiatrist of her pregnancy and modified her medication without her psychiatrist's involvement.  Based on this record, the District Court did not clearly err in finding Mother was inconsistent with her medication management.

¶12    Father and Mother both contend the District Court erred in concluding the condition rendering them unfit was unlikely to change within a reasonable amount of time.

¶13    A district court may order the termination of parental rights upon a finding a child has been adjudicated as a YINC; an appropriate, court-ordered treatment plan has not been completed or has not been successful; and the conduct or condition of the parent rendering her or him unfit is unlikely to change within a reasonable time.  Section 41-3-609(1)(f), MCA.  In determining whether the conduct or condition of the parent is unlikely to change within a reasonable time, the court must find the continuation of the parent-child legal relationship will likely result in continued abuse or neglect or the conduct or condition of the parent renders the parent unfit, unable, or unwilling to give the child adequate parental care.  Section 41-3-609(2), MCA.  In making this determination, the court shall consider emotional illness, mental illness, or mental deficiency of the parent of such a duration or

---

[1] While this case was pending, Mother and Father had another child, S.L., who the Department also removed at birth.  No order or judgment regarding S.L.'s custody or Mother's or Father's parental rights to S.L. are at issue in this appeal.

6

nature as to render the parent unlikely to care for the ongoing physical, mental, and emotional conditions and needs of the child. Section 41-3-609(2)(a), MCA. A court considers the parent's past and present conduct when determining whether the conduct or condition rendering the parent unfit is unlikely to change within a reasonable time. *In re A.S.*, 2006 MT 281, ¶ 48, 334 Mont. 280, 146 P.3d 778.

¶14 The District Court considered Mother's extensive history related to her underlying psychological issues and found these issues impacted her ability to safely parent Child and rendered her unlikely to care for Child's ongoing physical, mental, and emotional needs within a reasonable time. In support, the court relied on Mother's failure to fully comply with her treatment plan or apply learned skills. Based on the record before us, the District Court did not err in concluding the conduct or condition rendering Mother unfit was unlikely to change in a reasonable time.

¶15 Regarding Father, the District Court concluded Mother's psychological issues that impacted her ability to safely parent should have been obvious to Father, who had been in an intimate relationship with Mother since October 2018. In its findings of fact, the court explained Father had been advised of the safety concerns surrounding Mother but had not recognized or taken steps to address or mitigate those concerns so Child could be placed back in the home. Rather, Father allowed Mother back into the home and admitted if the Department were not involved in his case, he would allow Mother to parent Child. The court concluded Father failed to demonstrate protective capacity for Child and continued to prioritize his relationship with Mother over safely parenting Child. Based on the record

7

before us, the District Court did not err in concluding the condition rendering Father unfit to give Child adequate parental care was unlikely to change within a reasonable time.

¶16     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court did not abuse its discretion in terminating the parental rights of Mother and Father to Child.

¶17     Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE